**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1894-WJM-STV

JOI BLUME,
JINO MASOME,
JOANNE MASONE,
TRACEY CARRAGHER, and
KAREN TRUDEL MARTELLUCCI,

      Plaintiffs,

v.

INSPIRATO LLC, and
BEST OF 52, LLC, d/b/a/ INSPIRATO,

      Defendants.

---

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE AND
REMANDING CASE TO DENVER COUNTY DISTRICT COURT**

---

      This matter is before the Court on the Notice of Removal filed by Defendants Inspirato, LLC, and Best of 52, LLC, d/b/a Inspirato on June 26, 2020. (ECF No. 1.) On June 30, 2020, United States Magistrate Judge Scott T. Varholak ordered Defendants to show cause why this case should not be remanded to Denver County District Court for lack of subject matter jurisdiction. (ECF No. 9.) On July 10, 2020, Defendants filed a Response (ECF No. 12) in which they concede that the requirements for diversity jurisdiction, as set forth in 28 U.S.C. § 1332(a), are not satisfied in this case. In particular, Defendants, limited liability companies, assert that some of their members are citizens of the same state as one or more of the Plaintiffs. (*Id.*)

The citizenship of unincorporated associations like Defendants is determined by reference to the citizenship of each of the organization's members (as opposed to, for example, the jurisdiction of organization or principal place of business). *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Diversity jurisdiction requires that "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Thus, because Defendants concede that some of their members are citizens of the same state as one or more of the Plaintiffs, diversity jurisdiction is lacking in this case.

The burden is on the party invoking federal jurisdiction to show that it exists. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994). In this procedural posture, where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Defendants concede that diversity jurisdiction is lacking, and they do not contend that this Court is vested with subject matter jurisdiction over this action on any other basis. (ECF Nos 1, 12.)

Accordingly, the Magistrate Judge's Order to Show Cause is MADE ABSOLUTE, and the Court ORDERS that this action is REMANDED to Denver County District Court. The Clerk shall transmit the file to the state court.

Dated this 22nd day of July, 2020.

BY THE COURT:

William J. Martínez
United States District Judge